**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
PHILIP A. BONADONNA,            :
                                : Civil Action No. 11-6193 (JBS)
          Petitioner,           :
                                :
     v.                         : OPINION
                                :
DONNA ZICKEFOOSE, et al.,       :
                                :
          Respondents.          :
_____:
```

**APPEARANCES:**

**PHILIP A. BONADONNA**, Petitioner pro se
04722-016
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

**MARK CHRISTOPHER ORLOWSKI**, Counsel for Respondents
Office of the U.S. Attorney
District of New Jersey
402 East State Street
Room 430
Trenton, N.J. 08608

**SIMANDLE,** Chief Judge

Petitioner Philip Bonadonna ("Petitioner") filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (Docket Entry No. 1.)  Respondents Donna Zickefoose, Warden of F.C.I. Fort Dix and Edward Reilly, Commissioner of the U.S. Parole Commission (collectively, "Respondents") filed an answer to the petition. (Docket Entry No. 8.)  Petitioner filed a reply. (Docket Entry No. 9.)  For the following reasons, the petition will be denied.

## I. BACKGROUND

On June 19, 1984, Petitioner was sentenced in the United States District Court for the Eastern District of Arkansas to a total sentence of twenty years imprisonment for violations of 21 U.S.C. §§ 846 and 963. (Resp't's Br., Certification of Sharon Gervasoni ("Gervasoni Cert."), Ex. 1.) Thereafter, on November 26, 1984, Petitioner was convicted in the United States District Court for the Northern District of Georgia and received sentences ranging from five years to forty years. The forty year sentence, for a violation of 21 U.S.C. § 848, was non-parolable and subsumed the other sentences. (Id. at Ex. 2.)

The Parole Commission conducted an initial parole hearing for Petitioner on or about February 28, 1995. (Id. at Ex. 4.) The Commission denied parole and ordered a fifteen year reconsideration hearing to be held in January 2010. (Id. at Ex. 5.) The National Appeals Board affirmed that decision on July 20, 1995. (Id. at Ex. 6.) Petitioner received a statutory interim hearing on April 2, 1997, and the Commission ordered no change to its previous decision. (Id. at Ex. 7 and 8.) Petitioner received statutory interim hearings on March 16, 1999, March 6, 2001 and January 21, 2004, and the Commission ordered no changes. (Id. at Exs. 9-14.) On appeal from the 2004 hearing, the National Appeals Board advanced the fifteen year reconsideration hearing to the next available docket for de novo

parole consideration on the basis of a corrected sentencing framework.  (Id. at Exs. 15 and 16.)  Specifically, the Notice of Action on Appeal stated the following reasons for advancing the fifteen year reconsideration hearing:

> Your case is being remanded for *de novo* parole consideration on the basis of a corrected sentence framework, under which you already have ceased to be eligible for parole. Thus, requiring you to continue to your current 15-year reconsideration date in January 2010 would not be in conformity with the Commission's rules. As calculated by the Bureau of Prisons, you were given a parolable 20-year sentence from the Eastern District of Arkansas to be followed by a 40-year nonparolable sentence (absorbing a concurrent 35-year parolable sentence) from the Northern District of Georgia under 21 U.S.C. §848. The parolable portion of your aggregate sentence pertains only to your 20-year Eastern District of Arkansas sentence, and runs from your eligibility date of 02-01-92 to your mandatory release (with EGT) on 03-01-97. An order of "continue to expiration on the parolable portion of your aggregate sentence" would therefore begin your 40-year nonparolable sentence on 03-01-97, giving you your current projected release date of 03-26-20. Since you will be 87 years old on 03-26-20, the Commission finds that this may be an excessively harsh punishment notwithstanding the extraordinary seriousness of your drug offenses.
>
> Granting you a parole *nunc pro tunc* for your eligibility date of 02-01-92 would reduce your full term date by 61 months, and offer your release from prison at 82 years of age. This is the maximum relief which would be within the Commission's authority to grant you. You are not (as you argue in your appeal) entitled to a parole *nunc pro tunc* for 02-01-92. You are only entitled to consideration for such a *nunc pro tunc* grant of parole. The Commission recognizes that, at your initial hearing in 1995, you had an incorrect eligibility date calculated by the Bureau of Prisons, an error which your forthcoming hearing will correct.
>
> At your 15-year reconsideration hearing, which has been advanced to the next available docket, the hearing examiner will confirm that the National Appeals Board has

>   correctly understood your sentence structure, and will
>   determine if a grant of parole *nunc pro tunc* for any date
>   falling within the parolable portion of your aggregate
>   sentence is appropriate in the light of the gravity of
>   your crimes, your institutional record, and the likely
>   remaining threat to the public safety (if any) given your
>   expected age at the time of release from prison.

(Id. at Ex. 15.)

The Commission conducted the de novo parole consideration hearing on July 6, 2004. (Id. at Ex. 17.) The Commission ordered Petitioner paroled, nunc pro tunc, effective February 1, 1992, from his twenty year parolable Arkansas sentence to his consecutive, forty year non-parolable Georgia sentence. (Id. at Ex. 18.) On April 8, 2008, after Petitioner applied for a parole hearing, the Commission's hearing examiner recommended paroling Petitioner from his thirty-five year, parolable Georgia term to his forty year non-parolable Georgia term. (Id. at Ex. 19.) The hearing examiner stated that "[g]ranting parole on the parolable portion of his sentence will not change his release date." (Id.) On April 11, 2008, the Commission issued a Notice of Action paroling Petitioner, effective May 31, 2008, from his thirty-five year sentence to the concurrent forty year non-parolable sentence that Petitioner is still currently serving. (Id. at Ex. 20.) On August 11, 2009, Petitioner again applied for a parole hearing. (Id. at Ex. 21.)

The instant petition followed. In his petition, Petitioner states that his most recent parole hearing was held in 1995. He

4

states that he has been applying for parole hearings for the past eight years, but his requests have been denied. He alleges that his Due Process rights under the Fifth Amendment have been violated by the Parole Commission's denial of his requests. In their answer, Respondents argue that Petitioner has been paroled from all parolable sentences and he is now only serving his forty year non-parolable sentence. Therefore, there is no further relief the Commission can grant him and his request is moot. In his reply, Petitioner argues that the Parole Commission has mismanaged his sentence and he should receive a parole hearing.

## II. DISCUSSION

### A. Legal Standard

Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A federal court's role in reviewing decisions by the Parole Commission is limited.

> The appropriate standard of review of the Commission's findings of fact "is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons." Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976); see also 28 C.F.R. § 2.18 ("The granting of parole to an eligible prisoner rests in the discretion of the United States Parole Commission."). This Court should

5

> review, however, whether the Commission "has followed criteria appropriate, rational and consistent" with its enabling statutes so that its "decision is not arbitrary and capricious, nor based on impermissible considerations." <u>Zannino</u>, 531 F.2d at 690. To this end, "the Commission may not base its judgment as to parole on an inaccurate factual predicate." <u>Campbell v. United States Parole Comm'n</u>, 704 F.2d 106, 109 (3d Cir. 1983) (citations omitted).

<u>Furnari v. Warden, Allenwood Federal Correctional Institution</u>, 218 F.3d 250, 254 (3d Cir. 2000).

In making its decisions, the Parole Commission may consider hearsay, counts of an indictment that have been dismissed, and information in a separate dismissed indictment. <u>See</u> <u>Campbell</u>, 704 at 109-10(collecting cases). "[T]he appropriate judicial remedy when an agency exceeds its discretion is a remand to the agency for further proceedings consistent with the court's opinion." <u>Bridge v. United States Parole Commission</u>, 981 F.2d 97, 105 (3d Cir. 1992) (citing <u>Federal Power Comm. v. Idaho Power Co.</u>, 344 U.S. 17, 20, 73 S.Ct. 85, 97 L.Ed. 15 (1952)).

**B.  Analysis**

Petitioner requests that this Court order the Parole Commission to conduct a parole hearing for him. However, as stated by Respondents, Petitioner has been paroled from all parolable sentences. The only sentence remaining, which he is currently serving, is the forty year non-parolable sentence pursuant to 21 U.S.C. § 848. As such, Petitioner is not entitled to parole and any parole hearing could not provide him relief.

6

Therefore, his petition will be denied.  See Pray v. Holt, 338 Fed. Appx. 167, 179 (3d Cir. 2009)(citing Gallardo v. Quinlan, 874 F.2d 186, 187-88 (3d Cir. 1989) (explaining that individuals who violated § 848 prior to November 1, 1987, committed a non-parolable offense)); Davis v. Bogan, 12 F.3d 211 (6th Cir. 1993).

### III.  CONCLUSION

For the reasons stated above, the Petition is denied.  An appropriate order follows.

Dated: **July 23, 2012**

            s/ Jerome B. Simandle
            JEROME B. SIMANDLE
            Chief Judge
            United States District Court